**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

————————————

No. 96-10306
Summary Calendar

————————————


ALEXANDER TITO HUMPHRIES,

Petitioner-Appellant,

VERSUS

UNITED STATES OF AMERICA,

Respondent-Appellee.


————————————————

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CV-453-T)

————————————————

January 7, 1997

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Alexander Tito Humphries appeals the denial of his habeas corpus petition challenging the validity of an exclusion and deportation order under 8 U.S.C. § 1105a(a)(10). Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Humphries, a Kenyan citizen and national and United States immigration parolee, pled guilty to lacking a valid immigration visa under 8 U.S.C. § 1182(a)(7)(A)(i)(I), at a hearing before an immigration judge ("IJ") in September 1995. Humphries, who was represented by counsel at the hearing, was notified that the IJ's decision would become final if he failed to appeal timely to the Board of Immigration Appeals ("BIA"). Humphries did not appeal, and, after his motions to reopen the hearing and stay deportation were denied by the IJ, and by the BIA on appeal, he was ordered to report for deportation proceedings on March 12, 1996.

Pursuant to 8 U.S.C. § 1105a(a)(10),[2] Humphries filed the instant petition for writ of habeas corpus on February 15, 1996, alleging various defects in the IJ's original exclusion and deportation order. Although he had been incarcerated prior to filing his petition, Humphries indicated, in response to a questionnaire from the magistrate judge, that he had been released under $5,000 bond pending deportation. In a subsequent pleading, Humphries also indicated that he had failed to appear as instructed for his March 12, 1996, deportation proceeding. The district court thereafter dismissed, without prejudice, Humphries's petition for lack of subject matter jurisdiction, finding that Humphries, by failing to appear for his scheduled deportation, had released

---

[2] The petition was styled originally as a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.

himself constructively from custody of the Immigration and Naturalization Service ("INS").

## II.

Section 1105a(a)(10) provides that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." This does not require that one be physically confined in order to file a habeas petition, but is satisfied where one has been released from physical confinement and placed on parole under an unexpired sentence. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam). "[T]he mere existence of an outstanding deportation order against an alien . . . [does not] place him in the status of 'held in custody.'" *United States ex rel. Marcello v. District Dir. of the INS*, 634 F.2d 964, 970 (5th Cir.), *cert. denied*, 452 U.S. 917 (1981).

Because we may affirm on any legal ground apparent from the record, *see Sojourner T. v. Edwards,* 974 F.2d 27, 30 (5th Cir. 1992), *cert. denied,* 507 U.S. 972 (1993), we need not determine whether the district court decided correctly that it lacked subject matter jurisdiction. Rather, because Humphries has failed to appear for his deportation proceeding, we refuse to permit him to "call upon the resources of [this] Court for determination of his claims." *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970) (per curiam)*; see also Arana v. United States INS*, 673 F.2d 75, 77 (3d

3

Cir. 1982) (per curiam); *United States v. Jake H. Davis*, 625 F.2d 79, 79 (5th Cir. 1980) (per curiam); *Quarles v. Alabama*, 578 F.2d 1148, 1149 (5th Cir. 1978); *Matter of Barocio*, 19 I&N Dec. 255, 258 (BIA 1985).

AFFIRMED.